Opinion filed December 14, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00102-CR 

                                                     __________

 

                                 WALTER
WILLIAMS, III, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B-31,302

 



 

                                                                   O
P I N I O N

 

Walter Williams, III appeals his conviction by a
jury of the offense of possession of cocaine weighing less than one gram.  Finding allegations with respect to two prior
convictions to be true, the jury assessed his punishment at five years in the
Texas Department of Criminal Justice, Institutional Division, and a fine of
$3,000.  Williams asserts in a single
point on appeal that the trial court erred in refusing to suppress the evidence
that was discovered as the result of an illegal stop.  We affirm.








We review a trial court=s
ruling on a motion to suppress evidence for an abuse of discretion.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim.
App. 2002).  In this review, we give
almost total deference to the trial court=s
determination of historical facts and review the trial court=s application of search and seizure law
de novo.  Id. 
Where, as here, the trial court did not make explicit findings of
historical facts, we review the evidence in a light most favorable to the trial
court=s ruling
and assume the trial court made implicit findings of fact supported in the
record.  Id.

An officer may temporarily stop and investigate an
individual if the officer has reasonable suspicion based on articulable facts
that the detainee is connected to unusual activity with some indication that
the activity is related to crime. Terry v. Ohio,
392 U.S.
1, 21 (1968); Balentine, 71 S.W.3d at 768.  The term Areasonable
suspicion@ requires
consideration of the totality of the circumstances confronting the police.  Balentine, 71 S.W.3d at 768.  Officer Toby Julian and Corporal Mark Ruckman
of the Odessa Police Department were driving in their patrol car when they
observed Williams driving a vehicle in the opposite direction.  Officer Julian testified that, when the
patrol car passed Williams, Williams ducked his head like he was trying to hide
himself so that he could not see him. 
Officer Julian, having stopped Williams the night before, knew that his
license was suspended at that time.  He
said that Williams had an SR22 suspension. 
He indicated that getting the license reinstated would require a $120
fee and approximately six to seven months for the Department of Public Safety
to actually get it filed and corrected. 
Under these circumstances, we find that the officers had a reasonable
suspicion based on articulable facts that Williams was involved in criminal
activity B driving
a vehicle while his license was suspended.

Williams urges that the stop was not justified
because it was based only on Officer Julian=s
hunch that his license was still suspended. 
A ATerry@ stop may not be based merely on an
inarticulate hunch.  Terry, 392 U.S. at
22.  After testifying that he had
confirmed through a computer check the day before that Williams=s driver=s
license was suspended, Officer Julian presented the following testimony on
cross-examination:

Q.        And
then the second night, the night in question here, you had no idea whether he
might have gotten an occupational license or anything like that, did you?

 

A.        I
had enough reasonable suspicion that I wanted to make sure his driver=s license was still good. 








 

Q.        Well, that is not
what I am asking you.  Listen to the
question. You had no idea whether he had 

             gotten an
occupational license or anything that same day, did you?

 

            A.        No.

 

            Q.        You just suspected -- you had a hunch
that he might still be suspended?

 

            A.        Correct.

 

Officer Julian testified that he had both a
reasonable suspicion and hunch that Williams was driving with his license
suspended.  Considering his testimony as
a whole, it indicates that he did not have merely an inarticulate hunch that
Williams was driving while his license was suspended upon which to base the
stop, but the fact that Williams was trying to keep the officer from seeing who
was driving, the fact that his license was suspended as of the day before, and
the fact that getting such a license reinstated is a complex, lengthy process
were articulable facts supporting the officer=s
reasonable suspicion.  Given the fact
that the officers had reasonable suspicion based on articulable facts that
Williams was driving while his license was suspended, their stop was not
violative of the Fourth Amendment.  Id.  Consequently, the trial court did not abuse
its discretion in overruling Williams=s
motion to suppress.  We overrule Williams=s sole point on appeal.

The judgment is affirmed.

 

PER CURIAM

 

December 14, 2006

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of:  McCall,
J.,

Strange, J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.